## JAMES WALSH v. A. C. BRAXTON.

### No. 6728.

**Charge — Issues.** — Suit for the value of a number of cattle placed by the plaintiff in a herd of cattle owned by a partnership firm composed of plaintiff and the defendant, the defendant having sold the herd, receiving the proceeds of all the cattle. In defense there was evidence tending to show that in a subsequent settlement of all the partnership matters the cattle so placed in the common herd had been included and adjusted. *Held*, that a charge asked by defendant submitting such adjustment as a defense was improperly refused.

APPEAL from El Paso. Tried below before Hon. T. A. Falvey.

This is an appeal from a judgment below for $1569.71 and costs in favor of Braxton and against Walsh, the value of 139 head of cattle, the property of plaintiff and sold by the defendant. The pleadings, evidence, and rulings of the court below, so far as necessary, are given in the opinion.

*Crosby & Edwards*, for appellant.—It was error in the court to fail and refuse to charge the jury that under the state of the pleadings the appellee could not recover if the proceeds of the 139 head of cattle of the OLO brand had been taken into account in the settlement and dissolution of the copartnership between appellant and appellee.

As to the effect of a settlement or adjustment and proper pleading to open a settlement. Kendall v. Hackworth, 66 Texas, 499; Horan v. Long,

11 Texas, 230; Barkley v. Tarrant County, 53 Texas, 251; Rowe v. Collier, 25 Texas Supp., 255; Merriwether v. Hardeman, 51 Texas, 442; Murphy v. Stell, 43 Texas, 123; Wilkinson v. Thulemeyer, 44 Texas, 470.

As to the duty of court to charge on issues and give charge requested. Rev. Stats., art. 1317; Leech v. Wilson County, 68 Texas, 353; Jackson v. Hardy, 65 Texas, 710; Lambeth v. McClinton, 65 Texas, 108; Railway v. Underwood, 64 Texas, 463; Railway v. Phillips, 63 Texas, 590; Willis & Bro. v. Hudson, 63 Texas, 678; Wootters v. Kaufman, 67 Texas, 488; Railway v. Dunlavy, 56 Texas, 256.

*Leigh Clark* and *Wyndham Kemp*, for appellee.—The court did not err in refusing the special charge asked by appellant; and the general charge of the court fairly and fully submitted all the law applicable to the case as presented by the pleadings and evidence, the sole issue in the case being whether the 139 cattle, the proceeds of which were sued for by appellee, were the individual cattle of appellee or the copartnership cattle of Braxton and Walsh. Rev. Stats., art. 1317; Floyd v. Efron, 66 Texas, 221; Cannon v. Cannon, 66 Texas, 682; Hampton v. Dean, 4 Texas, 455; Davis v. Loftin, 6 Texas, 489; Hicks v. Bailey, 16 Texas, 229; Andrews v. Smithwick, 20 Texas, 111; Willis v. Bullitt, 22 Texas, 330; Garrett v. Chambliss, 24 Texas, 618; Blanton v. Mayes, 58 Texas, 422.

COLLARD, JUDGE.—This suit was instituted March 5, 1887, by A. C. Braxton. the appellee, against appellant, James Walsh, a resident of St. Joseph, Missouri, on an account as follows: (1) Proceeds of 83 head of cattle of the OLO brand sold by appellant at Cheyenne, Wyoming Territory, on September 1, 1886, $1411; (2) proceeds of 56 head of cattle of the OLO brand sold by the appellant at Pueblo, Colorado, on September 15, 1886, $504; (3) for services performed by appellee as superintendent of Figure Four Ranch from September 20, 1885, to September 20, 1886, $500; (4) interest on same, $33; total sued for, $2548.

Braxton made affidavit and levied attachment upon Walsh's interest in certain cattle in the Figure Four brand on Cottonwood Ranch, in El Paso County, Texas. Walsh answered by general denial, and specially that they "owned, in connection with one G. B. Tinnin, Figure Four or Cottonwood Ranch, in El Paso County, Texas, and plaintiff (appellee) represented to defendant (appellant) that he had purchased for joint account of plaintiff and defendant one-half of the OLO or Paddleford Ranch, on —— River, in Lincoln County, New Mexico, and that in 1886 plaintiff started a large herd of cattle on the drive from Texas and New Mexico to Colorado, including some 1800 head of cattle from the Figure Four Ranch, as well as the 83 and 56 head named in petition. Defendant, residing in St. Joseph, Missouri, relied upon representations of plaintiff. Understanding that said OLO cattle were then copartnership property of himself and plaintiff, he

sold the same and received the proceeds thereof, and after said sale and the receipt of said proceeds, on or about the 20th of September, 1886, defendant and plaintiff had an accounting in full of their copartnership affairs, including said proceeds of the OLO cattle sued for by plaintiff, and at said time dissolved by mutual consent their aforesaid copartnership; and in said settlement plaintiff sold to defendant his interest in said Figure Four Ranch, and defendant conveyed to said plaintiff all their joint interests in New Mexico, including the OLO Ranch and cattle, and plaintiff assumed to pay all debts of said firm in New Mexico, and that in said settlement defendant fully paid off to said plaintiff all of his interest in said OLO cattle sued for."

The partnership was formed and a one-half interest in a large stock of cattle was bought by the firm from one Tinnin, known as the Figure Four brand on Cottonwood Ranch, in El Paso County, Texas, where, according to the evidence of Braxton, they agreed to pay $15,000 in cash and $17,-500 in nine and $17,500 in eighteen months.    Braxton also says that the cash payment was made by such money as they individually had on hand and by discounting partnership notes at the bank in Fort Worth.  Of the cash paid plaintiff paid $2000.    Plaintiff says that it was agreed that he should give his entire attention to the management of the stock, for which he was to be paid by the firm $100 per month.  He afterwards bought for his firm a one-half interest in the OLO (bar under the letters), or what was called the Paddleford Ranch, in New Mexico.  Upon this ranch there were about 1150 head of cattle.  He agreed to pay $1000 cash and the balance on time.    This purchase included a wagon, house, household and kitchen furniture belonging to Paddleford, and the latter's land claim fronting on the river a quarter of a mile.  When he came across a cheap lot of cattle or a desirable water hole he would generally purchase the same for the firm.    He did make such purchases, and was needing money to carry on the business when he received a letter from Walsh (from St. Joseph, Missouri) complaining of difficulty in obtaining money and instructing him to make no more purchases.

Walsh was in Missouri; never saw the OLO (bar) cattle or the ranch. Walsh testifies that Braxton informed him of the OLO (without the bar underneath the letters) purchase on joint account; and it should be noted that his evidence on the trial (which was by depositions, he not being present at the trial) refers to this purchase as the OLO brand without the bar, and where he speaks of the final settlement of these partnership matters, when the OLO (bar) cattle were transferred to Braxton, he does not mention the bar.

After receiving instructions to make no more purchases on partnership account, Braxton testifies that he bought 160 head of cattle on his own account, had them branded OLO, to distinguish them from partnership stock, and put them on the Paddleford ranch.

In April, 1886, he took a herd of 1800 head of cattle from the Figure

Four Ranch in Texas to the northern market, and when driven through New Mexico Braxton placed in the herd the 160 head which he had bought for himself, branded OLO, and some 25 or 30 of the OLO (bar) cattle. Quite a number of the cattle died on the drive. At Pueblo there were only 139 head of the OLO cattle, where the cattle were sold by Walsh, he receiving the proceeds of the sale for the partnership cattle and the cattle claimed by Braxton. A part of the cattle were delivered at Pueblo and the rest at Cheyenne, in Wyoming.

Plaintiff's evidence shows that he notified Walsh before the sale that the 139 head of cattle in the OLO brand were his individual property; the evidence of the defendant shows nothing of this. After the sale Walsh, having in hand the proceeds of the cattle sold, proposed to dissolve the partnership and make final settlement, which was agreed to by Braxton. The dissolution and settlement was in writing. Braxton, in consideration of $1900 and a conveyance to him by Walsh of the latter's interest in the Paddleford ranch and cattle described as "about 1500 head of stock cattle branded OLO," conveyed to Walsh the Figure Four Ranch and stock and other firm property in Texas. In this instrument, which was kept by Walsh, there was no bar under the OLO brand. There was, however, at the same time a bill of sale executed to Braxton to the firm's interest in the OLO (bar) cattle, which instrument, when produced in court, had the bar under the letters.

There was a jury trial, resulting in a verdict and judgment for plaintiff for the net value of the 139 cattle in the OLO brand, as claimed by plaintiff. Defendant appealed.

On the trial defendant asked the following charge, which was refused by the court:

"The defendant asks the court to charge the jury that if the plaintiff and defendant were copartners in the cattle and ranch business, and plaintiff by his acts induced the defendant to believe the OLO cattle were copartnership property, and the proceeds of same were so treated, and the copartnership settled and dissolved and an accounting taken, then the plaintiff can not recover in this cause, notwithstanding the cattle may have been bought with plaintiff's means and for his own use."

Appellant Walsh presents the ruling of the court as error. We think the point is well made.

Without commenting on the testimony or indicating any opinion as to the weight or sufficiency of the evidence, it is our opinion that the issue presented in the special charge asked was made by the testimony.

If Walsh, by the combination of circumstances detailed in part at least in the foregoing and by the acts and representations of Braxton, was induced to believe that the cattle in the OLO brand sold by him were of the partnership cattle, and the same entered into the final settlement of the parties, or if the cattle or their proceeds were taken into the account and

the settlement included them as well as other property, it would be conclusive between the parties.

It is true that there is positive evidence in behalf of plaintiff that Walsh was fully advised of the condition of things as claimed by Braxton, and the latter testifies that before and after the dissolution Walsh promised to pay for the OLO cattle sold by him, and it may be that a jury would so find upon a proper submission of the question; but there was testimony, facts, and circumstances before the court which rendered it necessary, on request at least, to submit these issues to the jury.    Because this was not done, we conclude the judgment of the lower court should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 21, 1890.

Motion for rehearing refused.